STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SILVERNAIL



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SILVERNAIL

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SILVERNAIL
2019 OK 78
Case Number: SCBD-6874
Decided: 12/02/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 78, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT FOR OFFICIAL PUBLICATION. 

State of Oklahoma ex rel. Oklahoma Bar Association, Complainant,
v.
Jay Tayar Silvernail, Respondent.

ORDER OF IMMEDIATE INTERIM SUSPENSION

¶1 On March 29, 2018, the Complainant, Oklahoma Bar Association (OBA), filed a verified complaint against the respondent, Jay Tayar Silvernail, pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A. The OBA, with the concurrence of the Professional Responsibility Commission, requests an emergency interim suspension of Respondent from the practice of law pursuant to Rule 6.2A of the RGDP.

¶2 In support, the Complainant states that in Oklahoma County District Court Case no. CF-2016-4381, a jury returned a guilty against Respondent for assault and battery with a deadly weapon for willfully and knowingly shooting a person with a handgun, with formal sentencing set for December 19, 2019. Complainant alleges that despite Respondent's incarceration pending formal sentencing, Respondent is engaging in the practice of law and operating his law office from the Oklahoma County Detention Facility by participating in telephone conversations with family members, who are not licensed to practice law, regarding the handling of clients' cases and his law practice. The Complainant alleges that Respondent spoke to family members regarding client payments, deposits of client checks into his operating account without discussion of whether the checks were for fees already earned, and transferring money between Respondent's numerous bank accounts. Complainant alleges Respondent spoke to a family member about the possibility of his formal sentencing being continued, which would allow him to continue to practice law longer, and that he could practice vicariously through other people.

¶3 Complainant alleges that Respondent has a conflict of interest in continuing to represent clients pending his formal sentencing in that Respondent's personal interest in retaining client fees paid in advance and those to be paid for his personal financial benefit is in direct conflict with his clients' interests in being competently and diligently represented. Complainant alleges that Respondent's practice of law while in custody poses an immediate threat of substantial and irreparable public harm. Complainant requests an Order of Emergency Interim Suspension; an Order directing Respondent to deposit all monies, checks, or property into his designated IOLTA client trust account so that an audit may be performed; and an Order directing Respondent to assist Complainant in accessing his CLIO accounts to determine what fees, if any, should be refunded to clients.

¶4 On October 30, this Court ordered Respondent to show cause no later than November 14, 2019, why an order of immediate interim suspension, and the other requested orders, should not be entered. On November 14, 2019, Respondent filed a Consent to entry of the requested orders. Respondent waived any objection to the Order of Emergency Interim Suspension, but stated that the Consent was not to be construed as an admission of the truth of the allegations, and reserved the right to contest the allegations of the complaint at a future hearing on the merits of the allegations.

¶5 Upon consideration of the complaint and application for an order of emergency interim suspension and orders to preserve funds, and Respondent's Consent to entry of the emergency suspension and the other requested orders, the Court finds that an Order of Emergency Interim Suspension, and orders to preserve funds, should be entered.

¶6 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Jay Tayar Silvernail is immediately suspended from the practice of law, pursuant to Rule 6.2A of the RGDP.

¶7 Respondent Jay Tayar Silvernail is further ordered to cease all withdrawals from his client trust accounts, including but not limited to Prosperity Bank account numbered 217804274, and to permit an audit of the same by the Complainant. Respondent is ordered to deposit all monies, checks, or property entrusted to him, or anyone on his behalf, by or on behalf of his clients, into his designated IOLTA client trust account so that an audit may be performed on same. Respondent is ordered to assist Complainant in accessing his CLIO accounts to determine what fees, if any, should be refunded to clients.

¶8 Respondent Jay Tayar Silvernail is ordered to give written notices by certified mail, within 20 days from the date of this order, to all of his clients having legal business then pending of his inability to represent them and the necessity for promptly retaining new counsel. If Jay Tayar Silvernail is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the Respondent had substantial responsibility. Respondent shall also file a formal withdrawal as counsel in all cases pending in any tribunal. Respondent must file, within 20 day from the date of this Order, an affidavit with the Commission and with the Clerk of the Supreme Court stating that he has complied with this Order, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by Respondent with this Order shall be a condition precedent to any petition for reinstatement.

¶9 DONE BY ORDER OF THE SUPREME COURT in conference on December 2, 2019.

/S/CHIEF JUSTICE

Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Colbert, Combs and Kane, JJ., concur.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA